(No. 4416- )

RAYMOND J. ROBERTS, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed March 31, 1953.*

ROBERT MC CLORY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H.
SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Raymond J. Roberts, seeks to recover
under the provisions of the Military and Naval Code,
Ill. Rev. Stat., 1949, Chap. 129, Secs. 142 and 143, for
injuries sustained by him, while serving as an enlisted
man in the 33rd Division of the Illinois National Guard.

On August 20, 1949, claimant, who held the rating
of corporal, under competent orders went with a detail
of men to the Oak Brook Polo Club in Du Page County
on a recruiting mission. While returning from such
mission, the jeep, in which claimant was riding, was
forced off of the road, overturned, and landed on top of
him, causing terrific injuries.

A board of medical officers later convened, and
found that claimant was injured in the line of duty,
and not the result of his own misconduct. In addition,
such board recommended that claimant be paid his
full pay for six months, and, inferentially, if not actually,
recommended that this Court consider his case with a
view to giving him an award under Ill. Rev. Stat., 1949,
Chap. 129, Sec. 143.

Not only has claimant received full pay for six

months, but respondent has also paid hospital and doctor bills exceeding the sum of $6,000.00. Claimant was hospitalized for 166 days.

Although Public Law 108, 32 U.S.C. Sec. 160 a-c, U.S. Code Cong. Service, 81st Cong., 1949, Vol. I, p. 207, extends the benefits of certain federal pension laws to state national guardsmen, it is limited to specific types of activities, and a recruiting mission is not included within its purview. In fact, the National Guard Bureau, Department of the Army, Washington, D. C., has definitely ruled that claimant is not entitled to the benefits of Public Law 108.

Therefore, claimant's remedy is under and by virtue of the Illinois Military and Naval Code.

Ill. Rev. Stat., 1949, Chap. 129, Sec. 142 relates to injuries to national guardsmen, but claimant has received all he can under such section, and, in view of the favorable action of the board of medical officers, claimant is entitled to consideration for an award under Ill. Rev. Stat., 1949, Chap. 129, Sec. 143, which section allows an award over and above the amount paid by virtue of Sec. 142.

The interrelation of these two sections is fully discussed in *Echols* vs. *State*, 10 C.C.R. 113, and *Insalato* vs. *State*, 12 C.C.R. 27. The record discloses that claimant has complied with all the prerequisites necessary to vest jurisdiction of his claim in this Court.

Therefore, the sole problem to decide in this case is the amount of the award to claimant.

Claimant, who was 21 years of age at the time of his accident, was attending school. His injuries were, as stated before, terrific, and that he survived them is attributable to the outstanding care and skill of his doctors. Several major and minor operations were per-

formed on claimant. He still requires periodic treatments, and will probably require some periodic medical care for years to come.

Claimant sustained a fractured pelvis, and his pelvic area is permanently tilted. He walks with a limp, because his left leg is one and one-half inches shorter than his right. A ruptured urethra causes claimant continuous trouble, and requires medical cleansing and dilation at regular intervals, There were minor spinal and nerve injuries, which cause pain, and claimant has urinary incontinence, and impaired function of his testes.

This Court has many times used the Workmen's Compensation Act as a guide in arriving at an award in a case of this type. A long line of cases, commencing with *Williams* vs. *State*, 3 C.C.R. 209, and extending through *Quigley* vs. *State*, 17 C.C.R. 27, has so used the Workmen's Compensation Act as a guide. However, it is only a guide, and neither a ceiling over, nor a floor under our awards to national guardsmen. *Dudley* vs. *State*, No. 4287, opinion filed June 11, 1952.

Furthermore, in an award of this type can be included an amount for medical treatment, for which a claimant has become obligated, or will become obligated in the future. *Boyers* vs. *State*, 9 C.C.R. 530.

To summarize, we believe that claimant would be entitled to an award of $6,000.00 for his injuries under the Workmen's Compensation Act, and we feel that such an amount should be given him by this Court for his injuries. In addition, for his medical expenses, we cannot, of course, arrive at a precise amount. However, since respondent has already paid over $6,000.00 for claimant's medical bills, we believe that an award of $3,000.00 might well cover those medical bills, which

have not been paid by respondent, as well as future medical bills.

An award is, therefore, entered in favor of claimant, Raymond J. Roberts, in the sum of $9,000.00.